UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN MINYETY, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TCK SANKAR LLC AND TIMRAJH SANKAR, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>No.: _____<br><br><u>CLASS AND COLLECTIVE ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>NATURE OF THE ACTION</u>

1. Plaintiff Jonathan Minyety worked as a construction worker for Defendants TCK Sankar LLC and Timrajh Sankar (collectively, "Defendants").

2. Plaintiff Minyety asserts, on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants failed to pay them overtime premium pay.

3. Plaintiff Minyety asserts, on his behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay overtime, (ii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (iii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

4. Plaintiff Jonathan Minyety asserts, on his own behalf, FLSA and Labor Law retaliation claims.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Minyety's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Minyety's FLSA claim under 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2), as a substantial part of the events giving rise to these claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Minyety was, at all relevant times, an adult individual residing in New York, New York.

9. Upon information and belief, Defendant TCK Sankar LLC is a domestic limited liability company that is organized under New York law and is authorized to do business in the State of New York.

10. Defendant TCK Sankar LLC is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant TCK Sankar LLC is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, including trucks, computers and construction equipment.

11. Defendant Timrajh Sankar, upon information and belief, owns, operates and controls Defendant TCK Sankar LLC's day-to-day operations and management and jointly employed Plaintiff Minyety and other similarly situated employees at all relevant times. He had the authority to hire and fire employees, set their work schedule and pay.

12. Each Defendant, either directly or indirectly, has hired Plaintiff Minyety and other employees, fired other employees, controlled their work schedules and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

STATEMENT OF FACTS

Overview[1]

13. Defendant TCK Sankar LLC is a construction company with its corporate headquarters at 117-11 132nd Street, South Ozone Park, New York.

14. Defendant Timrajh Sankar is the owner of TCK Sankar LLC.

15. TCK Sankar is a construction company that focuses on residential projects.

16. Defendants employ, at any one time, approximately 60 construction workers who are working at 3 or more job sites, with about 20 workers at each site.

17. Defendant Sankar will come to the construction job sites and tell his workers what to do and how to do it.

18. Defendants employed Plaintiff Minyety as a construction worker from 2018 to November 2, 2023, when they unlawfully fired him.

---

[1] The headers are only for organizational purposes.

Duties

19. Defendants' constructions workers, including Plaintiff Minyety, perform a variety of duties, including painting, flooring and plastering.

20. Defendants' construction workers do not use discretion or independent judgment when performing their duties.

21. Plaintiff Minyety performed most of his work for Defendants in the Boroughs of Manhattan and the Bronx.

Work Schedule

22. Plaintiff Minyety worked Monday to Saturday.

23. Plaintiff Minyety worked each day from 8:00 a.m. to 4:00 p.m., with a 30-minute lunch break, equaling 7.5 hours each day.

24. Plaintiff Minyety worked 45 hours per week (7.5 hours x 6 days).

25. Plaintiff Minyety knows from personal conversations and observations that other constructions workers who Defendants employed worked the same hours as he did.

26. Defendants did not require Plaintiff Minyety to clock in or clock out or punch in or punch out.

27. Defendants have no method to track the hours that Plaintiff Minyety and other construction workers worked.

Defendants' Compensation Policies

28. Defendants paid Plaintiff Minyety $140 per day.

29. Defendants paid Plaintiff Minyety $140 per day, regardless of the hours he worked per week.

30. Defendants paid Plaintiff Minyety $840 ($140 x 6 days) per week.

31. Defendants paid Plaintiff Minyety $840 ($140 x 6 days) per week, regardless of the hours he worked per week.

32. Defendants did not pay Plaintiff Minyety overtime premium pay when he worked more than 40 hours in a week.

33. Defendants paid Plaintiff Minyety in cash.

34. When paying him, Defendants would give Plaintiff Minyety an envelope with cash and within the envelope would be a piece of paper:



35. Defendants' construction workers are employed in non-exempt positions and entitled to overtime premium pay.

36. Plaintiff Minyety knows from personal conversations and observations that other constructions workers who Defendants employed were paid the same way that he was paid.

Defendants' Recordkeeping Policies

37. Defendants did not provide Plaintiff Minyety with a wage statement, which contains the required information, under N.Y. Lab. Law § 195.3, with every wage payment.

38. When hiring them and at no point during his employment have Defendants provided Plaintiff Minyety with the required Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

39. Plaintiff Minyety knows from personal conversations that other constructions workers who Defendants employed were not provided with the required wage statement and were not provided with Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

40. Defendants' failure to provide their construction workers with the N.Y. Lab. Law § 195.1 notice and accurate wage statements deprived them of the information necessary for review of their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

41. If Defendants had complied with the N.Y. Lab. Law §§ 195.1 and 195.3 notices and wage statements, their construction workers would have been able to see that they were not being lawfully paid and would have been able to quicker avoid underpayment of their wages.

42. Defendants did not post at any of places of employment a poster advising Plaintiff Minyety and other employees of their right to a minimum wage and overtime premium pay.

43. Defendants knowingly violated the Labor Law and FLSA with the explicit purpose or reducing their labor costs.

## CLASS ACTION ALLEGATIONS

44. Plaintiff Minyety asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed as painters, plasterers, floorers and other comparable construction worker positions at any time since November 9, 2017 (the "Class Members").

45. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 60 Class Members exist.

46. Plaintiff Minyety's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Plaintiff Minyety lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

47. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

48. Plaintiff Minyety is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

49. Plaintiff Minyety has the same interest in this matter as all other Class Members and his claims are typical of the Class Members' claims.

50. Common questions of law and fact exist as to the Class Members that

predominate over any questions solely affecting the individual Class Members, including:

      a.      Whether Defendants employed Plaintiff Minyety and the Class Members within the meaning of the Labor Law;

      b.      What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

      c.      Whether Defendants paid Plaintiff Minyety and the Class Members for all hours worked;

      d.      Whether Defendants failed to provide Plaintiff Minyety and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

      e.      Whether Defendants failed to provide Plaintiff Minyety and the Class Members wage statements under Labor Law § 195.3;

      f.      Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Minyety and the Class Members are employed;

      g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

      h.      Whether Defendants should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

51. Under 29 U.S.C. § 206, Plaintiff Minyety seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed as painters, plasterers, floorers and other comparable construction worker positions at any time since November 9, 2020 to the entry of judgment in this case (the "Collective Action Members").

52. Plaintiff Minyety and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a. Defendants employed the Collective Action Members within the meaning of the FLSA;

    b. Collective Action Members performed similar duties;

    c. Defendants willfully or recklessly violated the FLSA;

    d. Defendants should be enjoined from such violations of the FLSA in the future; and

    e. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

Defendants Retaliation Against Plaintiff Minyety

53. Defendants deduct $16 from every paycheck and claim it is for taxes but do not remit these deductions to the taxing authorities.

54. In mid-October 2023, Plaintiff Minyety filed a claim with the New York Department of Labor, claiming Defendants are breaking the law with their practice of deducting $16 from every paycheck and not remitting the deducted amount to the taxing authorities.

55. In late-October 2023, Defendants learned of Plaintiff Minyety's claim

with the Department of Labor.

56. On November 2, 2023, Defendants fired Plaintiff Minyety.

57. Defendants claimed they fired Plaintiff Minyety for performance reasons but that is a pretext for their retaliatory animus.

58. Defendants fired Plaintiff Minyety because of his protected conduct of filing a claim with the New York Department of Labor.

59. Defendants have fired another employee who also filed a claim with the New York Department of Labor over Defendants' compensation policies.

<u>FIRST CAUSE OF ACTION</u>
UNPAID OVERTIME
UNDER THE FLSA
(On Behalf of Plaintiff Minyety and the Collective Action Members)

60. Plaintiff Minyety realleges every preceding allegation as if set forth fully herein.

61. Plaintiff Minyety consents to be a party to this action under 29 U.S.C. §216(b).

62. Defendants employed, and/or continue to employ, Plaintiff Minyety and the Collective Action Members within the meaning of the FLSA.

63. As an "employer" within the meaning of the FLSA, Defendant Timrajh Sankar is personally liable for every FLSA violation.

64. Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65. Defendants were required to pay Plaintiff Minyety and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for

all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Minyety and the Collective Action Members the proper overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

67. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

68. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Minyety and the Collective Action Members' compensation.

69. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

70. Due to Defendants' FLSA violations, Plaintiff Minyety and the Collective Action Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## UNPAID OVERTIME PREMIUM PAY
## UNDER THE NEW YORK LABOR LAW
### (On Behalf of Plaintiff Minyety and the Class Members)

71. Plaintiff Minyety realleges every preceding allegation as if set forth fully herein.

72. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Minyety and the Class Members.

73. As an "employer" within the meaning of the Labor Law, Defendant Timrajh Sankar is personally liable for every Labor Law violation.

74. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Minyety and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law §§ 652, 650 *et seq*.

75. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

76. Due to Defendants' Labor Law violations, Plaintiff Minyety and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Minyety and the Class Members)

77. Plaintiff Minyety realleges every preceding allegation as if set forth fully herein.

78. Defendants willfully failed to supply Plaintiff Minyety and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

79. Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiff Minyety and the Class Members are entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Minyety and the Class Members)

80. Plaintiff Minyety realleges every preceding allegation as if set forth fully herein.

81. Defendants have willfully failed to supply Plaintiff Minyety and the Class Members with the required accurate wage statements with every payment of wages, violating Labor Law § 195.3.

82. Due to Defendants' Labor Law violations, Plaintiff Minyety and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other

legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
RETALIATION UNDER THE FLSA
(On Behalf of Plaintiff Minyety)

83. Plaintiff Minyety realleges every preceding allegation as if set forth fully herein.

84. Plaintiff Minyety is an employee under 29 U.S.C. § 215(a)(3).

85. Defendants are employers under 29 U.S.C. § 215(a)(3).

86. Plaintiff Minyety's complaint to the New York Department of Labor about Defendants' unlawful deductions constitutes protected activity under the FLSA.

87. Defendants willfully terminated Plaintiff Minyety for complaining about the unlawful deductions, violating 29 U.S.C. § 215(a)(3).

88. Due to Defendants' FLSA violations, Plaintiff Minyety is entitled to recover from them compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
RETALIATION UNDER THE LABOR LAW
(On Behalf of Plaintiff Minyety)

89. Plaintiff Minyety realleges every preceding allegation as if set forth fully herein.

90. Plaintiff Minyety is an employee under N.Y. Lab. Law § 215.

91. Defendants are employers under N.Y. Lab. Law § 215.

92. Plaintiff Minyety's complaint to the New York Department of Labor about Defendants' unlawful deductions constitutes protected activity under the Labor Law.

93. Defendants willfully terminated Plaintiff Minyety for complaining about the unlawful deductions, violating N.Y. Lab. Law § 215.

94. Due to Defendants' Labor Law violations, Plaintiff Minyety is entitled to recover from them compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Minyety, on his behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

    a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Minyety and his counsel to represent the Class Members;

    b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Minyety and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

    c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

    d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with

them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  e. An award for unpaid overtime under the FLSA and Labor Law;

  f. An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

  g. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

  h. An award of liquidated damages as a result of Defendants' Labor Law violations;

  i. An award of liquidated damages as a result of Defendants' willful FLSA violations;

  j. Equitably tolling the statute of limitations under the FLSA;

  k. An award of pre-judgment and post-judgment interest;

  l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  m. Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff Minyety, as to his individual retaliation claims, respectfully requests this Court grant the following relief:

  a. A declaratory judgment that the practices complained of herein are unlawful under the Labor Law and FLSA;

  b. An award for compensatory damages and punitive under the Labor Law and FLSA;

  c. An award of pre-judgment and post-judgment interest;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Minyety demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
November 9, 2023

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
420 Lexington Avenue, Suite 1830
New York, New York 10017-6705
212.392.4772
doug@lipskylowe.com

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of TCK Sankar LLC, *et al*. to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Lipsky Lowe LLP has brought and/or may bring on my behalf and other employees alleged to be similarly situated.

_____  11 / 07 / 2023
Signature  Date

 Jonathan Minyety
Print Name

Doc ID: 0b8b024cdb43e1968898ebf7abf9d8103547a462