UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                     :

JONATHAN MINYETY, *individually and on behalf of*  :
*all other persons similarly situated*,

                                :             23-CV-9930 (JMF)

                 Plaintiff,        :

                                :      MEMORANDUM OPINION
          -v-                 :         AND ORDER

                                :

TCK SANKAR LLC et al.,              :

                                :

                 Defendants.    :

                                :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Jonathan Minyety brings this action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York State Labor Law ("NYLL"), N.Y. Lab. Law

§ 650 *et seq.*, against TCK Sankar LLC and Timrajh Sankar (together, "Defendants") to recover

unpaid overtime pay and other damages. Plaintiff now moves for conditional certification of a

FLSA collective action and for approval of a collective action procedure and notice. *See* ECF

No. 29; *see also* ECF No. 29-1 (Proposed Order and Proposed Notice and Consent Form); ECF

No. 30 ("Pl.'s Mem."). Defendants oppose the motion and raise various objections to the

proposed notice. *See* ECF No. 35 ("Defs.' Opp'n").

Upon review of the parties' motion papers, the Court concludes that Plaintiff has carried

his "low" burden at this stage of making a "modest factual showing" that he and "potential opt-in

plaintiffs together were victims of a common policy or plan that violated the law." *Myers v.

Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also* ECF

No. 1 ("Compl."), ¶¶ 22-59; ECF Nos. 31 & 37; *Amador v. Morgan Stanley & Co. LLC*, No. 11-

CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely

"on [his] own pleadings, affidavits, [and] declarations" to support a motion for collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99-CV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008))). Defendants' arguments to the contrary — most significantly, disputing any association between Sankar and TCK Sankar LLC and disputing that Minyety was ever employed, *see* Defs.' Opp'n 1-4, 6-8 — border on frivolous. As Defendants themselves acknowledge, in deciding preliminary certification motions, "district courts examine pleadings and affidavits, but 'do not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations.'" *Id.* at 5 (quoting *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010)).

Most, if not all, of Defendants' objections to the form and substance of Plaintiff's proposed notice and notice procedure actually cross the border into frivolous territory. *See* Defs.' Opp'n 10-14. They are all overruled substantially for the reasons stated in Plaintiff's reply memorandum. ECF No. 36 ("Pl.'s Reply"), at 5-9. Many are moot because the proposed notice already conforms to Defendants' demands.[1] The rest are meritless.[2] That said, although not discussed by Defendants in their opposition, Minyety's categorical request for equitable

---

[1]    In light of that, it is hard to avoid the conclusion that Defendants either did not read the notice at all or copied and pasted a brief from another case without modification (or both). Further evidence for the copy-and-paste theory: One of Defendants' objections is that the notice should inform potential opt-in plaintiffs "that they may be required to participate in written discovery, and appear for deposition and/or trial in the *District Court of Colorado*." Defs.' Mem. 13 (emphasis added). Defendants are cautioned that the Court will not hesitate to impose sanctions if they file similarly unacceptable papers in the future.

[2]    Defendants maintain "they have had no employees" and thus "there is no relevant information in Defendants' custody or control." Defs.' Opp'n 13-14. They also suggest that TCK Sankar LLC does not have a workplace in which the notice package could be posted. But these are not reasons to reject or modify Minyety's proposed notice. If Defendants truly have no employees or workplace, the relevant provisions of the order impose no burdens on them; but if they do have employees or a workplace, they risk being held in contempt if they fail to comply.

tolling of the statute of limitations during the pendency of this motion, *see* Pl.'s Mem. 16-17, is denied without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted.  *See*, *e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that, where "equitable tolling may extend the statute of limitations for certain prospective plaintiffs . . . it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date"); *accord Kargar v. Kamolov*, No. 22-CV-664 (JMF), 2022 WL 20304594, at *1 (S.D.N.Y. Dec. 21, 2022).

The Court will separately enter Plaintiff's proposed Order, modified consistent with this Memorandum Opinion and Order.  The parties shall promptly meet and confer and, **no later than July 29, 2024**, Plaintiff shall file a letter-motion seeking appropriate modifications to the existing schedule in light of this Memorandum Opinion and Order.

The Clerk of Court is directed to terminate ECF No. 29.

SO ORDERED.

Dated: July 22, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3